**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**January 11, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

CAYETANO MORENO-VALLES,

Defendant-Appellant.

No. 06-4117
(D.C. No. 2:04-CV-730-TS)
(D. Utah)

**ORDER**[*]

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

This is a timely *pro se* § 2255 appeal. The trial court denied a certificate of appealability, and we consider the appeal a renewal of the request for a certificate of appeal before this court. Appellant attacks his conviction for illegal reentry after deportation, which was affirmed in a prior appeal, as well as his sentence on two grounds. First, Appellant contends that his counsel was ineffective for allowing a faulty transcript of his deportation hearing to be entered in the record at trial. Second, Appellant argues that the enhancement of his sentence was

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 (eff. Dec. 1, 2006) and 10th Cir. R. 32.1 (eff. Jan. 1, 2007).

entered in violation of *United States v. Booker*, 543 U.S. 220 (2005), and *Blakely v. Washington*, 542 U.S. 296 (2004).

The trial court ruled that the failure to raise these issues on direct appeal constituted waivers. In doing so, the court considered the exception based on ineffective assistance of counsel. We see no reason to duplicate here the trial court's extensive and correct analysis of that issue in holding that Appellant failed to demonstrate that his "standby" counsel was ineffective. We similarly affirm the trial court's holding that there was no fundamental miscarriage of justice, for substantially the reasons set forth in the trial court's memorandum opinion and order.

With respect to Appellant's challenge to the sentence enhancement, the trial court appropriately relied on our decision in *United States v. Price*, 400 F.3d 844, 849 (10th Cir. 2005), in concluding that the *Blakely* and *Booker* issues do not apply retroactively to Appellant's collateral attack on a judgment that was final when *Booker* was issued.

In order for this court to grant a certificate of appealability, Appellant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Nothing in the appeal merits the grant of a certificate of appealability. Accordingly, we **DENY** the certificate of appealability, and **AFFIRM** the dismissal of Appellant's § 2255 motion, but **GRANT** Appellant's

petition to proceed *in forma pauperis*.

Entered for the Court


Monroe G. McKay
Circuit Judge